UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| for the use and benefit of | § | |
| TENSAR INTERNATIONAL | § | |
| CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.: 3:18-CV-_____ |
| | § | |
| TRAVELERS CASUALTY AND | § | |
| SURETY COMPANY OF AMERICA | § | |
| and SHORELINE FOUNDATION, INC. | § | |
| | § | |
| Defendants. | § | JURY TRIAL DEMANDED |

## <u>PLAINTIFF'S ORIGINAL COMPLAINT</u>

To the Honorable George C. Hanks Jr., United States District Judge:

Plaintiff, United States of America for the use and benefit of Tensar International

Corporation, by and through its undersigned attorneys, and for its causes of action against

Defendants Travelers Casualty and Surety Company of America and Shoreline Foundation, Inc.,

respectfully states as follows:

### I. PARTIES.

1.      Tensar International Corporation ("Tensar" or "Use-Plaintiff") is, and at all

times relevant has been, a foreign corporation incorporated under the laws of Georgia with its

principal place of business at 2500 Northwinds Parkway, Suite 500, Alpharetta, Georgia 30009.

2.      Defendant Travelers Casualty and Surety Company of America ("Travelers") is a

foreign insurer organized under the laws of the State of Connecticut and authorized to issue

contract surety bonds in the State of Texas and for federal projects. Travelers may be served with

1

process by having the Summons and a copy of this Complaint delivered to its registered agent,

Corporation Service Company at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

3.      Defendant Shoreline Foundation, Inc. ("Shoreline") is a foreign for-profit

corporation incorporated pursuant to the laws of the State of Florida and may be served with

process by having the Summons and a copy of this Complaint delivered to its registered agent at

Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th

Street, Suite 620, Austin, Texas 78701-3218.

## II. JURISDICTION AND VENUE.

4.      This Court has original and exclusive subject matter jurisdiction over this action

pursuant to 28 U.S.C. § 1331 and 40 U.S.C. § 3131(b)(1) (the "Miller Act") for materials and

labor supplied to a prime contractor for the construction, alteration, or repair of a public building

or public work for or on the property of the United States.

5.      The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) as to

Use-Plaintiff's state law causes of action, which form the same case or controversy as Use-

Plaintiff's Miller Act claim that is within the Court's original jurisdiction.

6.      Venue is proper in this judicial district pursuant to 40 U.S.C. § 3133(b)(3)(B)

because the prime contract was to be performed in this District and Division. More specifically,

the particular work required by the prime contract was to be performed at Chocolate Bayou,

Brazoria County, Texas.

## III. FACTUAL BACKGROUND.

7.      The Owner of the project at issue is the United States Army Corps of Engineers

(the "Corps"). Previously, the Corps issued Solicitation No. W9126G-16-B-0015 seeking bids

from contractors for the furnishing of a Polymetric Geogrid Marine Mattress system for the Chocolate Bayou dike containment area.

8.      On information and belief, Shoreline was awarded the contract after bidding in response to the Corps' solicitation. As a result, Shoreline acted as the Prime Contractor for the Corps in the installation, placement, filling, and lacing together of several Polymetric Geogrid Marine Mattresses ("Marine Mattresses") at Chocolate Bayou (hereafter the "Project").

9.      As required by FAR Part 28 and the Miller Act, Shoreline obtained a Payment Bond for the Project from Travelers. The Payment Bond was executed on August 17, 2016, as follows: Bond Number 106507836 in the penal sum of $8,293,830.00 with Shoreline, as Principal, and Travelers, as Surety, jointly and severally binding them to the United States of America for the benefit of subcontractors and material and labor suppliers, such as Tensar.

10.      On June 3, 2015, Shoreline executed the Tensar Credit Application with Conditions of Sale. Pursuant to its terms, Shoreline agreed that all subsequent purchase orders, including the purchase orders that are the subject of this lawsuit, were controlled by its terms. The Conditions of Sale include a choice-of law provision that purchase orders are subject to the laws of the State of Georgia.

11.      On or about September 15, 2016, Shoreline entered into Purchase Order No. 15634JK with Tensar for the fabrication of the specific Marine Mattresses needed for the Project at Chocolate Bayou. Specifically, the Shoreline Purchase Order with Tensar called for 152,250 square feet of specially fabricated 5' x 15' x 24' Tensar Marine Mattresses and 234,770 square feet of specially fabricated 5' x 17' x 24' Tensar Marine Mattresses at a total cost of $1,994,362.44, including tax. Jawaid Karamat signed the Purchase Order on behalf of Shoreline.

12.    Thereafter, Tensar fabricated, shipped, delivered, and stored Marine Mattresses pursuant to the Purchase Order and at the request of Shoreline.

13.    Tensar has submitted the following 15 Invoices for payment to Shoreline:

| Tensar Invoice No. | Invoice Total | Status |
|---|---|---|
| 9008234 | $62,476.49 | UNPAID |
| 9008235 | $47,251.13 | PAID |
| 9008236 | $47,251.13 | UNPAID |
| 9008267 | $55,126.31 | UNPAID |
| 9008268 | $53,551.28 | UNPAID |
| 9008270 | $71,401.71 | UNPAID |
| 9008271 | $62,030.23 | UNPAID |
| 9008272 | $47.251.13 | UNPAID |
| 9008297 | $89,252.13 | UNPAID |
| 9008298 | $89,252.13 | UNPAID |
| 9008299 | $53,551.28 | UNPAID |
| 9008300 | $53,551.28 | UNPAID |
| 9008321 | $89,252.12 | UNPAID |
| 9008322 | $89,252.13 | UNPAID |
| 9008380 | $145,927.22 | UNPAID |

14.    On January 27, 2017, Shoreline made a payment to Tensar in the amount of $47,251.13 for Invoice 9008235, but Shoreline has failed to (1) make any other payments to Tensar for the fabrication, shipment, delivery, and storage of the Marine Mattresses made specifically for the Project; (2) satisfy the Invoices referenced in Paragraph 13; or (3) satisfy the additional interest charges established under the Conditions of Sale as a result of each of the Invoices referenced in Paragraph 13.

15.    On May 15, 2017, the Corps terminated the Project for convenience, and Shoreline notified Tensar that same day to stop all work for the Project.

16.     Under the Payment Bond, Travelers and Shoreline have bound themselves to pay to claimants, such as Tensar, all amounts due for materials and labor used in connection with the Project.

17.     Currently, there is a balance due, owing, and unpaid to Tensar in the amount of $1,009,126.57 plus interest. Tensar has previously given notice as required by the Miller Act, including a demand for payment of the full outstanding balance to Shoreline in a letter dated September 19, 2017. *See* attached Appendix at Exhibit A. Further, Tensar has complied with all requirements and conditions precedent yet remains unpaid. Finally, Tensar has performed the work and provided the materials for which Tensar seeks payment. As such, Tensar is entitled to the payment of the amounts sought from Travelers and Shoreline on the respective Payment Bond and its Purchase Order with Shoreline.

18.     This lawsuit has been commenced more than 90 days since Tensar last performed the work and provided the materials for which Tensar seeks payment, and within one year from the date on which the last of the labor was performed and material and equipment was supplied by Tensar for the Project.

## IV. CAUSES OF ACTION.

19.     For its claims, Tensar alleges and incorporates by reference the allegations contained in Paragraphs 7 through 18 above.

### A. Miller Act Claim Against Travelers and Shoreline.

20.     Pursuant to the Miller Act, (40 U.S.C. Chapter 31, Subchapter III), before any contract exceeding $100,000.00 for the construction, alteration, or repair of any public building or public work for or on the property of the United States is awarded to any person, such person shall furnish a payment bond for the protection of all persons supplying labor and material in the

prosecution of the work provided in that contract for the benefit and use of the persons so supplying labor and material.

21.      The Corps awarded a contract to Defendant Shoreline for the installation, placement, filling, and lacing of Marine Mattresses at Chocolate Bayou, which contract was in excess of $100,000.00 and was for the construction, alteration, or repair of a public building or public work of the United States.

22.      As required by the Miller Act and FAR Part 28, Shoreline as Principal and Travelers as Surety executed a Payment Bond and thereby jointly and severally undertook a direct obligation with the United States of America for the use and benefit of all persons supplying labor and material in the prosecution of the work for the Project, including Tensar. In accordance with those obligations, Travelers Bond No. 106507836 secured the debts and obligations of Shoreline, the Prime Contractor, for the Project.

23.      Tensar supplied the specially fabricated Marine Mattresses at the request of and by virtue of its agreement with Shoreline in the prosecution of the work for the Project. Therefore, Tensar is a beneficiary of Travelers Bond No. 106507836. Tensar properly submitted Invoices for payment for the Marine Mattresses it fabricated, shipped, delivered, and stored. All but one Invoice (specifically, Invoice No. 9008235 in the amount of $47,251.13) remain unpaid as of the date of the filing of this Complaint.

24.      As a result of Shoreline's breach of payment obligations, Tensar has sustained damages for which it now seeks to recover. Pursuant to the obligations under the Miller Act, 40 U.S.C. § 3131 *et. seq.,* Travelers as Surety and Shoreline as Principal are jointly and severally

liable to Tensar for the unpaid amount of $1,009,126.57 plus interest under Travelers Bond Number 106507836, representing the amount due, owing, and unpaid to Tensar.

### B. State Law Claim for Breach of Contract Against Shoreline.

25.     Defendant Shoreline's refusal to pay the amounts due under its Purchase Order with Tensar for the fabrication, shipment, delivery, and storage of the Marine Mattresses constitutes breach of contract and the Purchase Order, which has damaged Tensar in the sum of not less than $1,009,126.57.

26. Pursuant to applicable state law, Tensar is entitled to recover from Defendant Shoreline the amount of $1,009,126.57 plus interest established under the Conditions of Sale as Tensar's actual and direct damages, together with taxable costs of court, pre-judgment and post-judgment interest, and reasonable attorneys' fees.

### C. State Law Claim for *Quantum Meruit* Against Shoreline.

27.     Pleading in the alternative, Shoreline is indebted to Tensar for the reasonable and customary value of the Marine Mattresses that Tensar specially fabricated, shipped, delivered, and stored for the Project and at the request of Shoreline.

28.     Shoreline has failed to pay the balance due, thereby unjustly enriching itself.

29.     Tensar is entitled to recover from Shoreline the amount of $1,009,126.57 plus interest as established at law as Tensar's actual damages in *quantum meruit*, along with taxable costs of court, pre-judgment and post-judgment interest, and reasonable attorneys' fees.

### V. REQUEST FOR RELIEF.

WHEREFORE, Plaintiff United States of America for the use and benefit of Tensar International Corporation prays that Defendants Travelers Casualty and Surety Company of

America and Shoreline Foundation, Inc., be cited to appear in this cause of action, and that on

final hearing, judgment be rendered against Defendants jointly and severally for the following:

A) The sum of $1,009,126.57 plus interest established under the Conditions of Sale as the balance due, owing, and unpaid to Tensar under the Miller Act, pursuant to the Purchase Order and Invoices for the Tensar Marine Mattresses, or alternatively, as the amount of unjust enrichment plus pre-judgment interest as established at law;

B) Reasonable attorneys' fees;

C) Taxable costs of suit under 28 U.S.C. § 1920;

D) Post-judgment interest on all amounts awarded in the judgment as provided by law, and;

E) Such other and further relief to which Plaintiff may show itself to be justly entitled both in law and in equity.

Dated: January 10, 2018.

Respectfully submitted,

Mills Shirley L.L.P.

By: */s/ Grant Gealy*
      Grant Gealy
Attorney-In-Charge
Fed Id. 7124
State Bar No. 07784700
3 Riverway, Suite 100
Houston, Texas 77056
Tel.: 713.225.0547
Fax: 866.674.7808
*ggealy@millsshirley.com*

Attorneys for Use-Plaintiff,
Tensar International Corporation

Of counsel:

Mills Shirley L.L.P.

George W. Vie III
Fed Id. 12402
State Bar No. 20579310
*gvie@millsshirley.com*

Elizabeth A. McDonnell
Fed. Id. 2827837
State Bar No. 24097418
*emcdonnell@millsshirley.com*

2228 Mechanic St., Suite 400
Galveston, Texas 77550
Phone: 409.763.2341
Fax:    866.674.7808